PORTO RICAN AMERICAN SUGAR REFINERY INC., Plaintiff and Appellee, *v.* MANUEL V. DOMENECH, TREASURER OF PUERTO RICO, Defendant and Appellant.

No. 6638.. Argued April 5, 1934.—Decided April 30, 1934.

*Benjamín J. Horton, Attorney General,* and *M. Rodríguez Serra, Assistant Attorney General,* for appellant. *F. Parra Capó* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

The plaintiff, Porto Rican American Sugar Refinery Inc., owner of a sugar refining industry in the city of Ponce, seeks to recover $17,907.03 paid under protest as taxes, which, as is alleged, were improperly collected. On February 15, 1925, the Succession of J. Serrallés, creator of this new industry, asked that it be exempted from the payment of all kinds of taxes for a period of ten years. This petition, addressed to the Public Service Commission, was presented under the provisions of Act No. 92 of 1917, promulgated in 1919. The exemption requested was granted on January 19, 1926. The Succession of J. Serrallés, for the purpose of separating the properties exempted from others not enjoying the same privilege, formed a subsidiary domestic corporation, plaintiff herein, to which it made a formal transfer of the properties exempted from taxation and of the franchise which the Public Service Commission had granted to the estate. The transfer of the franchise was made in March 1927 and was approved by the Public Service Commission.

Act No. 92, promulgated in 1919, was amended by Act No. 16 of May 20, 1925 (Session Laws, page 133.) The exemption was granted after the date of the amendment. Both acts, that promulgated in 1919 and that enacted in 1925, were amended by Act No. 10, approved in May 1927.

It is alleged in the complaint that in this way the sugar refining industry was exempted from the payment of taxes, and that notwithstanding such exemption the Treasurer of

Puerto Rico, on May 18, 1929, required payment from the plaintiff of the sum of $13,689.30 as income tax for the year 1928. Said tax, and surcharges, amounting in all to $14,494.92, were paid under protest at the office of the Collector of Internal Revenue in Ponce on March 13, 1930.

As a second cause of action it is alleged that on April 25, 1930, the Legislature of Puerto Rico approved Act No. 40 (Session Laws, page 314), concerning tax exemptions to new industries, repealing the prior laws, and that after this act was in force, the plaintiff was required by the Treasurer to pay $3,402.11, as taxes for the year 1929, which were also paid under protest on June 3, 1930.

A hearing of the case was had at which both parties were represented, and the plaintiff presented its evidence, which was admitted. The defendant presented no evidence. His defense was based upon the contention that the complaint did not state facts sufficient to constitute a cause of action. The court below rendered final judgment sustaining the complaint and ordering the defendant to return the amounts claimed, together with interest thereon, but without costs.

Six errors are assigned. All of them attack the sufficiency of the complaint to state a cause of action.

The Public Service Commission entered its order on January 19, 1926, exempting the Succession of J. Serrallés, for a period of ten years, from the payment of taxes, including the plant, the land occupied by the buildings, the machinery, tools, furniture, and other equipment belonging to said estate utilized in the plant or factory which it proposed to establish for the manufacture of refined sugar.

On the date on which the exemption was granted, Act No. 16 of the Legislature of Puerto Rico, approved May 20, 1925, was in force, by which the second section of Act No. 92, promulgated on March 31, 1919, was amended, and which expressly provided that tax exemptions, in accordance with those laws, should not include income taxes.

As we have seen, there are four acts approved by the Legislature of Puerto Rico covering tax exemption; that is, No. 92 of 1917, promulgated in 1919; No. 16 of 1925; No. 10 of 1927; and No. 40 of 1930.

Act No. 92 of 1917, promulgated in 1919, determines in its first section, what are the industries or factories to be regarded as new, and in its second section provides that such industries, manufactories, or factories shall be exempted for all kinds of taxes for a period not to exceed ten years, as the Public Service Commission may direct, such term to be counted from the complete installation of the manufactory or factory. These are all of the provisions of the Act promulgated in 1919. It is contended that this act was not in force on the date on which the tax exemption was granted to the Succession of J. Serrallés. This is one of the acts which had been considered void by reason of a decision of the Federal Circuit Court in Boston. On May 4, 1931, the Legislature approved an Act (No. 74, Session Laws of 1931, page 462), declaring valid all of the acts or actions of the officers, governmental agencies, and employees of the People of Puerto Rico done under the provisions of the laws or joint resolutions which were promulgated by the Executive Secretary of Puerto Rico by reason of a judgment of this court of March 11, 1919, and which had not in any way been attacked before the courts up to that time.

The Public Service Commission made its order of February 15, 1925, upon the petition presented by the Succession of J. Serrallés. This is an action of a governmental agency which in our opinion has been validated by the Act of 1931.

Section 2 of the Act of 1917, promulgated in 1919, as the same was amended in 1925, reads as follows:

"That such industries, factories or mills shall be exempt from all taxes for a period not to exceed ten years, as the Public Service Commission may determine, which said period shall be reckoned from the complete installation of the factory or mill; *Provided,* That when the new industry consists in submitting to a new purifying or refining

process, a product manufactured in the country, the exemption from taxation shall not include such manufactured product nor the apparatus and establishment employed in obtaining it, and shall apply only to the new process of refining or purifying and to its apparatus, establishments and products; *And, provided, further,* That such exemption shall not include income taxes assessable under the law.''

Here we have the Legislature, six years after the approval of the original act concerning tax exemption to certain industries, amending its second section and declaring that the exemption shall not include income taxes.

In 1927, the Governor of Puerto Rico in his message to the Legislature, made the following recommendation:

''Tax Exemptions.

''It would seem bèst that the general law giving tax-exemptions to new industries for a given period of time should be liberalized. The immense benefit that is derived from new industries established in the Island is so great that the Government can well afford to grant the most liberal encouragement to secure their location in our Island.

''An especial instance worthy of your consideration is the case of the Mercedita Sugar Refining Plant. This new industry, involving a large investment of money, is of such importance and value to the Island that it ought to be encouraged to the fullest extent by the Government. An entire exemption from all taxation of any kind for a liberal term of years should be given to this new industry.

''Another notable example of great importance is the contemplated establishment of a Celotex plant in Porto Rico. This will mean the investment of some millions of money and the employment of hundreds of laborers. Every encouragement and an entire exemption from all taxation for a liberal term of years should be given this industry.

''These and other such cases can be provided for by special legislation, but perhaps it would be better to so liberalize and extend the general law as to include them and so as to meet and include all classes of new industry. It may be safely assumed that what may be lost in taxes will be more than offset by the general improvement of industrial conditions in the Island. Nothing which can be done in that direction will be of greater benefit than the establishment of new industries.

''In writing the law it might not be best to extend the tax exemption to the products of the industry sold in the Island.''

Section 2 of the Act of 1917, promulgated in 1919, which had been amended in 1925, was again amended by the Legislature, on May 12, 1927, to read as follows:

"That such industries, factories or mills shall be exempt from all taxes other than the internal-revenue tax on sales, use or consumption and the assessments under the Workmen's Accident Compensation Act, for a period not to exceed ten years, as the Public Service Commission may determine, which period shall be reckoned from the complete installation of the factory or mill; *Provided,* That when the new industry consists in submitting to a new purifying or refining process a product manufactured in the country, the exemption from taxation shall not include such manufactured product nor the apparatus and establishments employed in obtaining it, and shall apply only to the new process of refining or purifying and to its apparatus, establishments and products; *And provided, further,* That such exemption shall not include income taxes assessable under the law, except when the application for a declaration that such industry is a new one shall have been filed with the Public Service Commission prior to May 20, 1925, date on which this Act was amended."

The foregoing amendment grants the exemption from income tax to the new industries in cases where petitions had been presented prior to May 20, 1925, and this was done after the Governor had recommended in his message that a complete exemption from the payment of all taxes be granted to the sugar refinery for a liberal period. In this case the petition was presented prior to the date mentioned. The defendant seems to contend that since the Act of 1917, promulgated in 1919, was void, the petition ought not to have any legal effect. The appellee says nothing about the effect which the amendments of 1925 and 1927 reviving section 2 of the act in question might have had. As to the law of 1931, the defendant argues that the validation and the attack or non-attack of the acts done under the law promulgated in 1919, ought to have been alleged. In our opinion, once an act has been alleged, the validation thereof is a legal conclusion which does not need to be alleged.

Act No. 40, approved in 1930, is a new, complete law superseding the prior laws, and expresses clearly the intention of the Legislature. Section 2 of said act reads as follows:

"That said new industries and their buildings, machinery, materials, franchises, etc., and, in general, all the properties, rights and privileges belonging to said industries, which are necessary in their work and operation, shall be exempt from all taxes for a period not to exceed ten years, as the Public Service Commission may determine. Said term shall be counted from the time the industrial installation is completed; *Provided,* That such exemption shall not include the assessments under the Workmen's Compensation Act; *And provided, further,* That municipalities are hereby authorized to grant a similar exemption from municipal license and excise taxes to such industries as are previously declared new industries by the Public Service Commission, for a term not to exceed the term granted by said Commission; *Provided,* That all such industries as have been declared new industries, application for which declaration was made under Act No. 92, promulgated March 31, 1919, shall be exempt from the income tax from the time they were declared new industries. Such shall not be the case however, with those industries which applied for and were declared new industries while Act No. 16, approved May 20, 1925, was in force and those obtaining such declaration hereafter."

In section 3 it is stated that the act is applicable to all industries established in Puerto Rico which have already secured exemption from taxes.

The final proviso of section 2 is clear and leaves no room for doubt. The defendant argues that the phrase "shall be exempt from the income tax" refers to the future and not to the past. We cannot see how the language of the statute can be susceptible of this interpretation when it is expressly stated that they shall be exempt from taxation from the time they were declared new industries. The appellant contends that the Legislature has no power to modify the terms of a grant made by the Public Service Commission, and that the terms of the order of 1926 cannot be altered without further action upon the part of the commission; that is, that the plain-

tiff cannot enjoy the benefits of the law without applying again to the commission to extend its grant of tax-exemption under the new legislation.

The plaintiff is not required to ask for what the law grants it. If the exemption from income tax is extensive to all industries declared to be new, by declaration under the provisions of the Act promulgated in 1919, and the plaintiff is the owner of an industry which obtained that declaration under the terms of said act, why is it necessary to repeat a step already taken and validated by subsequent laws? The letter of the statute is so clear as to strike the eye like light. The power of the Legislature to grant the exemption is a question upon which there can be no doubt. The Public Service Commission was created by the Organic Act; but its powers as to the exemption of new industries from taxation are derived from the Legislature of Puerto Rico. The grant of exemption and a determination of the property exempted is a function of the legislative power. In this case the Public Service Commission has done all that it had to do and said all that it had to say, and it is not necessary for the plaintiff to take any further steps in order to enjoy the exemption granted by the Legislative Assembly. The law speaks for itself, and the interpretation of its provisions requires no mental effort.

We are of the opinion that the court below has not committed the errors assigned, and that the judgment appealed from must be affirmed.